**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-21718-KMM

JUAN ERNESTO MURGA CASAS,

     Petitioner,

v.

GARRETT RIPA, Field Office Director
of Enforcement and Removal Operations,
Miami Field Office, Immigration and Customs
Enforcement, *et al.*,

     Respondents.

_____/

**<u>ORDER</u>**

THIS CAUSE came before the Court upon Petitioner Juan Ernesto Murga Casas's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition" or "Pet."). (ECF No. 1). The Court issued an Order to Show Cause requiring Respondents to file one consolidated memorandum of fact and law to show cause why the Petition should not be granted. *See generally* (ECF No. 7). Respondents thereafter filed a Response (the "Response" or "Resp."). (ECF No. 8). Petitioner did not file a reply, and the time to do so has passed. The Petition is now ripe for review. As set forth below, the Petition is transferred to the United States District Court for the Middle District of Florida.

Petitioner is currently detained at the Florida Soft Side South Detention Center in Collier County, which is located in the Middle District of Florida. *See* Pet. ¶ 2; Resp. at 3; 28 U.S.C. § 89(b). Therefore, the proper venue for this Petition is the Middle District of Florida. *See Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) ("For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)));

*see also Morales v. Dade Corr. Inst.*, No. 4:23-cv-00303, 2023 WL 5184190, at *2 (N.D. Fla. July 20, 2023) ("Here, there is no allegation connecting the events or the parties to the Northern District of Florida.  Dade Correctional Institution is in the Southern District of Florida; and Plaintiff is housed there.  Venue is proper in the Southern District of Florida." (citation omitted)), *report and recommendation adopted*, No. 4:23-cv-00303, 2023 WL 5184157 (N.D. Fla. Aug. 11, 2023).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *see also Dobard v. Johnson*, 749 F.2d 1503, 1506–07 (11th Cir. 1985).  District courts have the authority to transfer such cases *sua sponte*.  *See Kapordelis v. Danzig*, 387 F. App'x 905, 907 (11th Cir. 2010) (per curiam).

Accordingly, UPON CONSIDERATION of the Petition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Clerk of Court is directed to TRANSFER this case to the United States District Court for the Middle District of Florida.[1]  The Clerk of Court is directed to CLOSE this case.  All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this __8th__ day of May, 2026.

K. M. Moore

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:      Counsel of record

---

[1]  The Court therefore no longer has jurisdiction to entertain the merits of the Petition.  *See Caribbean Ent. Techs., Ltd. v. Snap One, LLC*, No. 21-82019-CIV, 2023 WL 11801316, at *1 (S.D. Fla. Mar. 31, 2023) ("[B]ecause this case has already been transferred, this Court has lost jurisdiction of the matter." (citations omitted)).